FILED
DECEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6860

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LENA TOMLINSON** )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>**TSUNAMI CAPITAL, LLC;** )<br>and **ANTHONY A. DEMASI,** )<br>Individually )<br>Defendants. ) | **JUDGE CASTILLO**<br>**MAGISTRATE JUDGE BROWN** |

### COMPLAINT

NOW COMES the Plaintiff, LENA TOMLINSON, by and through her attorneys Terry Sullivan and Nancy J. Nicol of The Sullivan Firm Ltd., and for her Complaint against TSUNAMI CAPITAL, LLC, and ANTHONY A. DEMASI, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action as the amount in controversy is in excess of $75,000.00 and involves violations of a Federal statute.

### FACTS COMMON TO ALL COUNTS

2. From approximately September, 2006 to the present ("the relevant time"), Anthony A. Demasi ("Demasi") individually and as the controlling person of Tsunami Capital, LLC ("Tsunami Capital"), solicited and accepted at least $150,000 from Plaintiff for the purpose of trading financial futures.

3. Demasi represented to Plaintiff that Tsunami Capital operated a commodity pool, structured as Tsunami Lakeshore Integrated LLC ("Tsunami Lakeshore"), which traded financial futures on behalf of pool participants.

4. Demasi convinced Plaintiff to invest by providing her with a false track record showing that Tsunami Lakeshore was profitable.

5. Demasi and Tsunami Capital also distributed false statements to Plaintiff during 2006 and 2007 showing that Plaintiff was earning profits when, on information and belief, the trading accounts in the names of Tsunami Capital and Tsunami Lakeshore were overall unprofitable.

6. By making deceptive and misleading statements to Plaintiff and others regarding profit potential and risk of loss, Defendants cheated, defrauded and deceived Plaintiff and others in violation of the Securities Exchange Act of 1934; Illinois Securities Laws, Illinois Consumer Fraud and Deceptive Practices Act, and common law fraud.

7. Demasi's actions were done within the scope of Demasi's employment with Tsunami Capital and, therefore, Tsunami Capital is liable for Demasi's actions.

8. Demasi was a controlling person of Tsunami Capital. As such, Demasi is liable for Tsunami Capital's acts.

9. Plaintiff brings this action seeking restitution, disgorgement, civil monetary penalties and such other relief as this Court may deem necessary or appropriate.

## COUNT I - VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934. SECTION 10(B), 15 U.S.C. §78J(B)

10. Plaintiff restates and realleges Paragraphs 1-9 above as if fully set forth in this Count I.

11. Demasi and Tsunami Capital made false statements regarding the past performance of Tsunami Lakeshore with knowledge said information was false.

12. Demasi and Tsunami Capital made false statements regarding the past performance of Tsunami Lakeshore in connection with the sale of securities upon which Plaintiff relied in deciding to invest on Tsunami Lakeshore.

13. Demasi and Tsunami Capital made false statements regarding the return being generated by Plaintiff's investment after Plaintiff had invested funds in

connection with attempting to obtain additional investment from Plaintiff.

14. Plaintiff has invested $150,000, received no return on the investment and despite making a demand for return of her investment, Demasi and Tsunami Capital have failed and continue to fail to return Plaintiff's investment in Tsunami Lakeshore.

15. Demasi and Tsunami Capital's false and misleading statements were the proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff Lena Tomlinson, respectfully requests this Court enter Judgment against the Defendants, TSUNAMI CAPITAL, LLC and ANTHONY A. DEMASI, and in Plaintiffs favor awarding Plaintiff $150,000 in damages, pre-judgment interest, punitive damages in an amount to be determined by the Court and such further relief as this Honorable Court deems necessary and proper.

## COUNT II-DEMASI'S VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934, §20(A), 15 U.S.C. §78T

16. Plaintiff restates and realleges Paragraphs 1-15 set forth above as if fully set forth in this Count II.

17. Demasi was the controlling person of both Tsunami Capital and Tsunami Lakeshore.

18. Demasi controlled all representations made to Plaintiff regarding the performance of Tsunami Lakeshore.

19. As has been stated above, Tsunami Capital violated the Act by making false and misleading statements to Plaintiff in the course of the sale of securities.

20. Demasi was in control of whether or not false and misleading statements regarding the performance of Tsunami Lakeshore were made by Tsunami Capital.

WHEREFORE, Plaintiff Lena Tomlinson, respectfully requests this Court enter Judgment against the Defendants, TSUNAMI CAPITAL, LLC and ANTHONY A. DEMASI, and in Plaintiffs favor awarding Plaintiff $150,000 in damages, pre-judgment

interest, punitive damages in an amount to be determined by the Court and such further relief as this Honorable Court deems necessary and proper.

### COUNT III-VIOLATION OF ILLINOIS SECURITIES LAW. 815 ILCS 5/12 & 13

21.  Plaintiff restates and realleges Paragraphs 1- 20 set forth above as if fully set forth in this Count III.

22.  Demasi and Tsunami Capital and engaged in a practice and course of business of misrepresenting the performance of Tsunami Lakeshore which worked or tended to work a fraud or deceit upon the purchasers of interest in Tsunami Lakeshore including, but not limited to Plaintiff.

23.  Demasi and Tsunami Capital obtained money through the sale of securities by means of the untrue statements made regarding the past performance of Tsunami Lakeshore.

24.  Demasi, as controlling person of both Tsunami Capital and Tsunami Lakeshore, participated in the sale of Tsunami Lakeshore to Plaintiff.

WHEREFORE, Plaintiff Lena Tomlinson, respectfully requests this Court enter Judgment against the Defendants, TSUNAMI CAPITAL, LLC and ANTHONY A. DEMASI, and in Plaintiffs favor awarding Plaintiff $150,000 in damages, pre-judgment interest, punitive damages in an amount to be determined by the Court and such further relief as this Honorable Court deems necessary and proper.

### COUNT IV - COMMON LAW FRAUD

25.  Plaintiff restates and realleges Paragraphs 1-24 set forth above as if fully set forth herein.

26.  Demasi and Tsunami Capital made false statements of material fact by misstating the past performance of Tsunami Lakeshore.

27.  Demasi and Tsunami Capital and knew the statements regarding the past performance of Tsunami Lakeshore were false and made said statements with the intent to induce Plaintiff to invest in Tsunami Lakeshore.

28. In reliance on the statements made by Demas and Tsunami Capital, Plaintiff invested $150,000 and has now been damaged in the amount of her investment plus attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Lena Tomlinson, respectfully requests this Court enter Judgment against the Defendants, TSUNAMI CAPITAL, LLC and ANTHONY A. DEMASI, and in Plaintiffs favor awarding Plaintiff $150,000 in damages, pre-judgment interest, attorneys fees incurred in bringing this action, punitive damages in an amount to be determined by the Court and such further relief as this Honorable Court deems necessary and proper.

## COUNT V - ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT, 815 ILCS §505/2

29. Plaintiff restates and realleges Paragraphs 1-28 set forth above as if fully set forth herein.

30. Demasi and Tsunami Capital and Tsu engaged in the deceptive practice of misrepresenting the past performance of Tsunami Lakeshore in order to obtain investment funds into Tsunami Lakeshore.

31. Demasi and Tsunami Capital intended that Plaintiff rely upon their misrepresentation so that Plaintiff would invest in Tsunami Lakeshore.

32. The deception engaged in by Demasi and Tsunami Capital occurred in the course of conduct involving trade or commerce.

33. Demasi and Tsunami Capital's deceptive practice caused Plaintiff to invest $150,000 in Tsunami Lakeshore which amount Plaintiff has now been damaged plus attorneys fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Lena Tomlinson, respectfully requests this Court enter Judgment against the Defendants, TSUNAMI CAPITAL, LLC and ANTHONY A. DEMASI, and in Plaintiffs favor awarding Plaintiff $150,000 in damages, pre-judgment interest, attorneys fees incurred in bringing this action, punitive damages in an amount to be determined by the Court and such further relief as this Honorable Court deems

necessary and proper.

                                  Respectfully submitted,

                                  The Sullivan Firm, ltd.

                                  By: _____
                                  Terry Sullivan

Terry Sullivan  
Nancy J Nicol  
THE SULLIVAN FIRM, LTD.  
ATTORNEY FOR THE PLAINTIFF  
COOK COUNTY #20911  
2550 W. GOLF ROAD, SUITE 101  
ROLLING MEADOWS, IL 60008  
(847) 228-1100

6